SO ORDERED.

SIGNED this 01 day of November, 2011.

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

SHAWN RICHARD FOSTER and                    CASE NO.: 11-02711-8-JRL
NANCY CUSHMAN FOSTER,
                                            CHAPTER 7
    DEBTORS.

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS

The matter before the court is the objection filed by the trustee to the debtors' claims of exemption in certain life insurance policies. A hearing was held in Wilmington, North Carolina on September 20, 2011. For the reasons that follow, the trustee's objection to exemptions claimed in certain life insurance policies is **SUSTAINED**.

### BACKGROUND

The debtors, Shawn and Nancy Foster, claim life insurance policies as exempt pursuant to N.C. Gen. Stat. § 1C-1601(a)(6) (2011), which references directly to Article X, Section 5 of the North Carolina Constitution, which provides:

> A person may insure his or her own life for the sole use and benefit of his or her spouse or children or both, and upon his or her death the proceeds from the insurance shall be paid to or for the benefit of the spouse or children or both, or to a guardian, free from all claims of the representatives or creditors of the insured or his or her estate. Any insurance policy which insures the life of a person for the sole use and

>benefit of that person's spouse or children or both shall not be subject to the claims of creditors of the insured during his or her lifetime, whether or not the policy reserves to the insured during his or her lifetime any or all rights provided for by the policy and whether or not the policy proceeds are payable to the estate of the insured in the event the beneficiary or beneficiaries predecease the insured.

At issue are two policies with cash value (collectively, "the Policies").[1] The first policy at issue, Farmers Flexible Universal Life, policy #005334855U ("Farmers Two"), is owned by Shawn R. Foster, insuring the life of Shawn R. Foster, with a beneficiary listed as the "Shawn R. Foster Revocable Trust" and with a cash surrender value of $12,736.10. The second policy at issue, Farmers Flexible Universal Life, policy #006056988U ("Farmers Three"), is owned by Nancy C. Foster, insuring the life of Shawn R. Foster, with a beneficiary listed as the "Shawn R. Foster Revocable Trust" and a cash surrender value of $19,071.30.

The trustee argues first that interpretation of this constitutional provision requires: 1) that the policy insure the policy *owner's* life; and 2) that the policy must be for the "*sole* use and benefit" of the owner's spouse or children or both. See N.C. Const. art. X, § 5 (emphasis added). Based on the first requirement under this interpretation, the trustee argues that Farmers Three is not exempt simply because Nancy Foster (the owner of the policy) did not insure her own life, but rather the life of her husband. Additionally, as to both Farmers Two and Farmers Three, the trustee urges that these policies, with the beneficiary designated as the Shawn R. Foster Revocable Trust ("the Trust"), are not for the "sole use and benefit" of the owner's spouse, children or both, and thus the exemptions fail under the second constitutional requirement.

Finally, even if the fact that the beneficiary of these policies is the Trust—rather than the spouse, children or both—does not alone render the exemption improper, the trustee

---

[1] The Trustee makes many of the same arguments with regard to another insurance policy, Farmers Term Life #007004644 ("Farmers One"), but as both parties agree that the cash value of Farmers One appears to be $0.00, the court will only consider these issues insofar as they apply to the policies with cash value.

2

urges that the Trust document, which authorizes the trustee to pay burial expenses, death taxes and the unsecured creditors of the decedent, mandates the same result. Because the Trust by its own provisions is not for the "sole use and benefit" of the policy owner's spouse, children or both, the claimed exemptions are allegedly improper.

## DISCUSSION

The statute at issue merely refers one directly to the relevant constitutional provision. See N.C. Gen. Stat. § 1C-1601(a)(6) (2011). Thus in this court's interpretation of Article X, Section 5, of the North Carolina Constitution, it is appropriate to be guided by interpretations by this State's highest court; "issues concerning the proper construction and application of . . . the Constitution of North Carolina can only be answered with finality by [the Supreme Court of North Carolina]." State ex. rel. Martin v. Preston, 385 S.E.2d 473, 479 (N.C. 1989) (citing State v. Arrington, 319 S.E.2d 254, 260 (N.C. 1984)).

Notably, the North Carolina Supreme Court gives the "Constitution a liberal interpretation in favor of its citizens with respect to those provisions which were designed to safeguard the liberty and security of the citizens in regard to both person and property." Corum v. University of North Carolina, 413 S.E.2d 276, 290 (N.C. 1992) (citing State v. Harris, 6 S.E.2d 854 (N.C. 1939)). However, "where the meaning is clear from the words used, [the court] will not search for a meaning elsewhere." State ex. rel. Martin, 385 S.E.2d at 479 (citing Elliott v. Board of Equalization, 166 S.E. 918, 920–21 (N.C. 1932) ("If the meaning is clearly expressed, it should be adopted; if doubtful, the intention must be sought . . . .").

Though several issues were brought up at oral argument regarding these contested exemptions, ultimately the court must decide this case on the narrowest grounds possible,

especially given the issues of constitutional interpretation which are present. First, this court finds that providing for one's spouse, children, or both through a trust as beneficiary of a life insurance policy does not in and of itself categorically violate the terms of Article X, Section 5, so long as the trust complies with the purposes underlying the exemption. However, the court further holds that where a trust authorizes payments to the unsecured creditors of the decedent, who would otherwise have been barred from accessing such funds by the protection offered under Article X, Section 5, such a trust exceeds the boundaries of "*sole* use and benefit" contemplated by that provision. See N.C. Const. art. X, § 5 (emphasis added). Even under the most liberal of interpretations, such a finding is inescapable.

The Trust document provides that "[u]pon the Grantor's death, the Trustee may pay or make arrangements . . . for the payment of . . . the Grantor's *unsecured debts* . . . ." See Trustee's Memorandum in Support of Objection to Exemptions, September 19, 2011, Exhibit B, Shawn R. Foster Revocable Trust, Section 3.1 (emphasis added). Payment of burial expenses and death taxes might be liberally construed to fall within a broadly cast net of "sole use and benefit" for the policy owner's spouse and children, since the heirs would normally pay burial expenses and be liable for death taxes. However, regarding "unsecured debts," the language of the Trust document allows for no such generous interpretation; creditors are *precisely* the type of entities sought to be excluded under the provisions of Article X, Section 5. See First Nat'l Bank of Shelby v. Dixon, 248 S.E.2d 416, 420 (N.C. Ct. App. 1978) ("[N.C. Const. art. X, § 5] is designed to prevent creditors of an individual from reaching insurance proceeds paid to beneficiaries in the named classes after the death of such individual."). To allow a debtor to provide for the payment of his or her unsecured creditors from life insurance proceeds upon death simply turns this constitutional protection on its head. Nor does the court find it

4

appropriate to delve into the issue raised by debtors' counsel of the exact contents of the Trust as of the date of this bankruptcy petition.  The monies at issue, when they become part of the Trust corpus, will be fungible, and must be distributed by the trustee as the Trust authorizes.  At a bare minimum, the terms of the Trust cannot offer the possibility of circumventing the very protection provided by the constitutional exemption claimed.

The court merely notes that other provisions within the Trust may pass muster, were this court required to consider such provisions in order to make its decision.  For example, as discussed during oral argument, payments to the potential guardian, here the uncle of the minor children, for annual travel with his family, may fall within the boundary of "sole use and benefit," when such a phrase is construed liberally.  Additionally, the discrepancy between the owner and insured, as in the case of Farmers Three, where such policy still appears intimately connected to the intent of Article X, Section 5, might still fall within the constitutional umbrella providing that "*[a]ny* insurance policy which insures the life of a person for the sole use and benefit of that person's spouse or children or both . . ." is protected from the reach of creditors.  See N.C. Const. art. X, § 5, cl. 2 (emphasis added).

However, the court need not reach these issues, as the authorized payments to the unsecured creditors of the decedent from the insurance proceeds under the terms of the Trust document render the claimed exemption improper for both Policies at issue.  Thus, the trustee's objection to the exemptions claimed by the debtors in Farmers Two (Farmers Flexible Universal Life #005334855U) and Farmers Three (Farmers Flexible Universal Life #006056988U) is hereby **SUSTAINED**.

**END OF DOCUMENT**